UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>EDUARDO CASTILLO,<br><br>  Defendant. | Case No. 2:21-cr-00389-SB-1<br><br>ORDER DENYING MOTION FOR REDUCTION OF SENTENCE |

    Defendant Eduardo Castillo pleaded guilty to a single count of conspiracy to import methamphetamine.  Dkt. No. 72.  In February 2023, the Court sentenced him to 48 months of imprisonment followed by three years of supervised release.  Dkt. No. 144.  In November 2023, the U.S. Sentencing Commission amended the sentencing guidelines to provide for a two-point reduction to the offense level for defendants who have no criminal history and who meet certain criteria.  United States Sentencing Commission, Guidelines Manual App. C., Amdt. 821 (Supp. Nov. 2012–Nov. 2023) (modifying U.S.S.G. § 4C1.1).  The amendment applies retroactively.  U.S.S.G. § 1B1.10(d)–(e).  Based on this amendment, Castillo moves to reduce his sentence under 18 U.S.C. § 3252(c)(2).[1]

I.

    Section 3252, which sets forth the process for reducing a sentence pursuant to a retroactive amendment to the sentencing guidelines, states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

---

[1] Castillo filed two separate motions requesting the same relief.  Dkt. Nos. 164, 170.  This order applies to both.

lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Amendment 821 is "consistent with applicable policy statements issued by the Sentencing Commission." *See* U.S.S.G. § 1B1.10(d)–(e) (listing Amendment 821 as applying retroactively). Courts analyze 3582(c)(2) motions in two steps: first determining whether the application of the amendment would result in a reduced guideline range, and, if it does, then determining whether to reduce the sentence after considering the § 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Amendment 821 Part B provides for a two-level deduction in the total offense level for defendants who received no criminal history points and for whom the charged offense meets certain other criteria. *See* U.S.S.G. § 4C1.1. Prior to the amendment, § 4C1.1 did not exist, and no such deduction applied. A defendant's offense level and criminal history category determine the guideline range. *See* U.S.S.G. § 5A.

II.

The Court first analyzes whether the amendment reduces Castillo's guideline range. The guidelines instruct the court to determine the amended guideline range "that would have been applicable to the defendant if the amendment . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The court "shall substitute only the [applicable amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* The guidelines generally prohibit a court from reducing a sentence below the amended guideline range. *Id.* § 1B1.10(b)(2)(A). But the guidelines allow such a reduction if the defendant received a below-range sentence pursuant to a substantial assistance motion from the government. *Id.* § 1B1.10(b)(2)(B). In the Ninth Circuit, if a defendant received a reduced sentence based on substantial assistance, the court may consider all additional applicable reductions from the original sentence. *United States v. D.M.*, 869 F.3d 1133, 1139 (9th Cir. 2017).

2

In this case, Castillo's guideline range was calculated based on a total offense level of 27. Dkt. No. 115 at 4. His criminal history category was I. *Id.* Based on the offense level and criminal history category, his guideline range at sentencing, before any variances, was 70 to 87 months. Under the amendment, Castillo would have had a total offense level of 25, with an amended guideline range of 57 to 71 months.

At sentencing, the government successfully moved for a two-level downward variance based on Castillo's personal characteristics and lack of criminal history. Dkt. No. 112 at 5. The Court granted an additional two-level downward variance based on Castillo's role in the offense, age, and family ties and responsibilities. Dkt. No. 124. Based on these reductions, the Court calculated the guideline range using an offense level of 23 and a criminal history category of I, which yielded a range of 46 to 57 months. The Court sentenced him to 48 months in prison followed by three years of supervised release. Dkt. No. 123.

Because Castillo's current sentence of 48 months is below the amended guideline range of 57 to 71 months, the Court cannot further reduce the sentence unless Castillo received a below-range sentence as a result of a government motion for substantial assistance. The government's motion for a downward variance at sentencing was based on personal characteristics and lack of criminal history, not substantial assistance. As a result, the sentencing guidelines do not permit the Court to further reduce Castillo's sentence. Accordingly, the Court DENIES Castillo's motion to reduce his sentence based on retroactive application of Amendment 821.

Date: March 11, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge